IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TANNEH ANGELA GUEH, | : | |
| Plaintiff. | : | |
| VS. | : | |
| Officer GREEN, | : | NO. 5:15-CV-386-MTT-CWH |
| Defendant. | : | |
| | : | **ORDER & RECOMMENDATION** |

While incarcerated, Plaintiff Tanneh Angela Gueh filed the instant *pro se* 42 U.S.C. § 1983 lawsuit (ECF No. 1). After an initial review of her submissions, Plaintiff was ordered to supplement her complaint and pay an initial partial filing fee of $21.00 (ECF No. 7). Plaintiff submitted her supplement (ECF No. 10) and paid the partial filing fee. Upon learning that Plaintiff had been released from custody, the Court directed Plaintiff to submit a non-prisoner motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 12). In compliance with this Court's prior Order, Plaintiff has submitted a non-prisoner IFP motion (ECF No. 14).

When considering a non-prisoner motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirements of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). In so doing, the district court must compare the filer's assets with her liabilities. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1309 (11th Cir. 2004). An affidavit is

sufficient if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (citation omitted).

Plaintiff's affidavit shows that she is unemployed, owns no property, and is presently residing with her mother. (ECF No. 14 at 5). Based on this, the undersigned finds that Plaintiff is indigent and unable to pay the balance of the Court's $400.00 filing fee. Plaintiff's motion to proceed IFP is accordingly **GRANTED**.

Plaintiff's complaint and supplement are now ripe for screening.

## I. STANDARD OF REVIEW

Notwithstanding that Plaintiff has been released from custody, this Court must screen her complaint and supplement under 28 U.S.C. § 1915(e)(2) (federal court must conduct an initial screening of an IFP plaintiff's complaint). Section 1915(e)(2) requires the Court to dismiss a complaint, or any portion thereof, that presents claims that are frivolous, malicious, or legally insufficient.

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must

be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28

U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. DISCUSSION

This action arises out of an alleged use of excessive force by a correctional officer at Pulaski State Prison. According to Plaintiff, on September 6, 2013, Defendant Officer Green assaulted her, first by "jack[ing Plaintiff] up by [her] shirt" and placing her hands around Plaintiff's neck in a chokehold, and second, by hitting Plaintiff with a broom. Plaintiff states she suffered severe pain as a result of Green's conduct. Liberally construed in Plaintiff's favor, her allegations are sufficient to state an Eighth Amendment excessive force claim against Officer Green.[1]

In her original complaint, Plaintiff also named as Defendants Pulaski State Prison ("PSP"), Warden Belinda Davis, Chief of Security Melvin Butts, and Deputy Wardens Christian and Green. As this Court stated in its October 21, 2015 Order, PSP is not a proper defendant in a section 1983 action (ECF No. 7). The Court further stated that if Plaintiff makes no allegations in her supplement against a named defendant, that defendant will be dismissed from this action. With the exception of Green, Plaintiff fails to specifically address any of the Defendants mentioned in her initial complaint.

---

[1] As noted in this Court's prior Order, the statute of limitations may bar Plaintiff's claim for damages against Officer Green (ECF No. 7). Because Plaintiff states in her supplement that she gave her "documents" to prison officials within the two-year statute of limitations, the undersigned cannot find at this time that Plaintiff's claims are time-barred.

Moreover, in her supplement, Plaintiff indicates that she wishes to withdraw her complaint against the PSP "administration" (ECF No. 10 at 2). PSP, Davis, Butts, Christian, and Green are thus not parties to this action and it **RECOMMENDED** that they be **DISMISSED.** Said dismissal will be without prejudice.

## III.  SUMMARY

For the reasons stated herein, it is now **ORDERED** that service be made on Defendant Officer Green and that he file an answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d). It is also **RECOMMENDED** that Defendants PSP, Davis, Butts, Christian, and Green be **DISMISSED WITHOUT PREJUDICE** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a]

5

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

## **DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## **DUTY TO PROSECUTE ACTION**

Plaintiff must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## **FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may**

7

**result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery:  except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each

party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins, unless otherwise directed.

**SO ORDERED and RECOMMENDED**, this 7th day of January, 2016.

                                                  s/ Charles H. Weigle
                                                  Charles H. Weigle
                                                  United States Magistrate Judge