IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TANNEH ANGELA GUEH, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:15-cv-00386-CAR-CHW |
| | : | |
| Officer ASTI GREEN, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

### REPORT & RECOMMENDATION

On September 28, 2015, the Clerk of Court for the Northern District of Georgia received a *pro se* Complaint from Plaintiff Tanneh Gueh, a prisoner at Pulaski State Prison, raising civil rights claims under 42 U.S.C. § 1983. Doc. 1. The Complaint is signed and dated August 28, 2015, but was received in an envelope postmarked September 24, 2015. Doc. 1-1, p. 2. Submitted with the Complaint was an Application for Leave to Proceed without Prepayment of Fees, also signed and dated August 28, 2015. Doc. 2, p. 3. The Application includes a certificate of account statement from the institution dated September 9, 2015 (Doc. 2, pp. 4-6), along with a certificate initialed by a prison official ("CMC") and dated September 9, 2015. Doc. 2, p. 2. The case was transferred to this Court on October 5, 2015. Doc. 4.

In her Complaint, Plaintiff alleges that on the morning of September 6, 2013, Defendant Green grabbed her, "jacked" her up by her shirt, and choked her. Doc. 1, p. 4. Later that morning, Defendant Green assaulted Plaintiff again, this time hitting Plaintiff three times on her right side using a "yello[w] broom." *Id.* Plaintiff does not allege any injury, but alleges that she experienced pain from these assaults, and she seeks compensation for her pain and suffering. *Id.* at 5. Plaintiff also seeks compensation for her alleged "mental anguish, physical pain,

1

nightmares, [fear of police], panic attack[s], and [ ] constant night sweats." *Id.* Plaintiff further requests that Defendant Green be terminated. *Id.*

On October 21, 2015, the Court ordered Plaintiff to supplement her Complaint. Doc. 7, p. 3. The Order to Supplement notes that the account statement submitted with the Complaint was dated September 9, 2015. *Id.*; Doc. 2, pp. 2, 4, 5, 6. The Court instructed Plaintiff to provide additional information regarding when Plaintiff delivered her Complaint to prison personnel and to state any reasons for her delay in filing, specifically directing her to explain how her Complaint could have been submitted prior to the date shown on her account statement. *Id.* at 3-4.

Plaintiff responded that she was delayed in submitting her Complaint due to the prison post office being shut down several days during August, September, and November due to staff shortages. Doc. 10, pp. 2-3. Plaintiff did not provide the Court with the exact date she delivered her Complaint to prison officials. *Id*. The supplement simply states that all documents were submitted to prison officials within the two-year limitations period. *Id.* at 3.

On March 21, 2016, Defendant filed her Motion to Dismiss, contending that Plaintiff's motion was untimely, that Plaintiff failed to state a claim for excessive force, and that Plaintiff's official capacity and compensatory claims were barred. Doc. 21-1, pp. 3-7. For the reasons set forth below, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **DENIED**.

Discussion

In examining a Motion to Dismiss, the Court must determine if Plaintiff's Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). A complaint that merely alleges conclusions and recitation of the elements of her cause of action will not survive a motion to dismiss. *Twombly*, 550 U.S. at 555. In examining a motion to dismiss against a *pro se* plaintiff, the Court will hold the *pro se* plaintiff to less stringent standards and liberally construe the plaintiff's complaint. *Davila v. Gladden*, 777 F.3d 1198, 1209 (11th Cir. 2015), *cert. denied* (2015); *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The Court, however, "cannot supply essential elements of a claim for a *pro se* plaintiff if these facts are not initially pleaded in the complaint." *Blanton v. Butler*, 2015 WL 6870125, at *1 (S.D. Ga. Nov. 6, 2015); s*ee Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010).

1. Statute of Limitations

There are factual disputes that preclude dismissal of Plaintiff's Complaint on statute of limitations grounds. A bar based on the statute of limitations is an affirmative defense, which plaintiffs are not required to negate in their complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). At the motion to dismiss stage of a case, "dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta*, 358 F.3d at 845.

In Georgia, claims under Section 1983 for personal injury are governed by a two-year statute of limitations. *See Wilson v. Garcia,* 471 U.S. 261 (1985); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33. The cause of action shall be brought within two years after the right of action occurs. O.C.G.A. § 9-3-33. Because prisoner *pro se* litigants do not have the freedom personally to file their documents in the clerk's office, courts apply the "prison mailbox rule," under which "a *pro se* prisoner's court filing is deemed filed on

3

the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014); *United States v. Glover* 686 F.3d 1203, 1205 (11th Cir. 2012); *see Houston v. Lack,* 487 U.S. 266, 276 (1988). It is assumed the date the prisoner signed the motion is the date the motion was delivered to a prison official, unless there is evidence to establish the motion was delivered on another date. *Glover*, 686 F.3d at 1205.

On its face, Plaintiff's Complaint appears to be timely and not barred by the two-year statute of limitations. Plaintiff's Complaint alleges an incident with Defendant that occurred on September 6, 2013. The Complaint is signed August 28, 2015, just over a week before the close of the limitations period. Doc. 1, p. 6. Along with her Complaint, Plaintiff submitted an Affidavit and Authorization for Withdrawal from Inmate Account. Doc. 2. Plaintiff's portion of this document is also dated August 28, 2015.  Doc. 2, p. 3. The account statements and certificate submitted by the institution are dated September 9, 2015. Doc. 2, pp. 2, 4, 5, 6. The envelope which the Clerk's Office received is post-marked September 24, 2015. Doc. 1-1, p.2.

Although the various dates on the documents may raise questions about the date Plaintiff submitted her Complaint for mailing, they are insufficient to show that the Complaint is untimely on its face. On a motion to dismiss under Rule 12(b)(6), the facts in the Complaint must be viewed in the light most favorable to the Plaintiff. Viewed in the light most favorable to Plaintiff, the documents in this case could be read to show that Plaintiff submitted her Complaint and Affidavit on August 28, 2015, but that prison officials took two weeks to prepare and certify her account statement, then took two more weeks to place the Complaint and Affidavit in the mail.[1] As such, Plaintiff's Complaint appears on its face to be timely.

---

[1] Such delays are not inconsistent with this Court's own experience with prison mail systems.

4

2. <u>Excessive Force Claim</u>

Plaintiff alleges that Defendant grabbed, choked, and hit Plaintiff with a broom during a September 6, 2013 incident, causing Plaintiff to suffer from physical pain, nightmares, panic attacks, and constant night sweats. Doc. 1, p. 5. Defendant contends that these allegations are insufficient to state a claim for excessive force because Plaintiff has not alleged any injury from Defendant's use of force and has not alleged a "more-than-de-minimis use of physical force." Doc. 21-1, p. 5. The facts alleged in the Complaint, however, when viewed in the light most favorable to Plaintiff, are sufficient to support a claim for excessive force.

Excessive force claims brought pursuant to 28 U.S.C. § 1983 are not governed by a single standard; instead the analysis begins by "identify[ing] the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394 (1989) (citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979)). Claims of excessive force in the context of those incarcerated following conviction are analyzed under Eighth Amendment standards. *Whitley v. Albers*, 475 U.S. 312, 318-25 (1986). Eighth Amendment excessive force claims have both an objective and subjective component, and Plaintiff has the burden of establishing both. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). To satisfy the subjective prong, Plaintiff must demonstrate that the Defendant acted with a malicious and sadistic purpose to inflict harm. *Id*. To satisfy the objective prong, the plaintiff must show that "the alleged wrongdoing [was] 'objectively harmful' enough to establish a constitutional violation." *Id*. (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

The key inquiry for an excessive force claim under the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010); *Hudson v. McMillian,* 503

5

U.S. 1, 7 (1992); *Smith v. Sec'y, Dep't of Corr.*, 524 F. App'x 511, 513 (11th Cir. 2013). When force is administered maliciously and sadistically to cause harm, standards of decency are violated whether a significant injury is present. *Wilkins*, 559 U.S. at 37; *Hudson,* 503 U.S. at 9. The absence of a significant injury is not irrelevant, as it is a "factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Wilkins*, 559 U.S. at 37 (quoting *Whitley v. Albers,* 475 U.S. 312, 321(1986)). Whether the force was applied to cause harm, however, is the "core judicial inquiry" and is imperfectly correlated with the inmate's injury. *Wilkins*, 559 U.S. at 38 ("[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.")

Plaintiff's pleadings, liberally construed and accepted as true, allege sufficient factual content to establish an excessive force claim and to avoid dismissal. The Complaint alleges that on the morning of September 6, 2013, Defendant grabbed Plaintiff, "jacked" her up, and choked her. Doc. 1, p. 4. Later that morning, Defendant hit Plaintiff three times on Plaintiff's side with a broom. *Id.* Because of Defendant's actions, Plaintiff suffered "pain and suffering, mental anguish, physical pain, night mares, blue strips fearing me, panic attack[s], and [ ] constant night sweats." *Id.* at 5. Plaintiff alleges that there was no apparent reason for Defendant's use of force.

In her response to Defendant's Motion to Dismiss, Plaintiff provided additional information regarding the injuries she sustained from Defendant's attack. Doc. 26, p. 3. Plaintiff alleged that she has experienced back and side pain and that she received treatment for pain while in prison and continues treatment today. *Id.* Plaintiff also alleged that she is suffering from several emotional and mental disorders such as Post Traumatic Stress Disorder ("PTSD"), anxiety attacks, and depression. Plaintiff stated that she was taking medications to treat these

6

disorders and that she needed "professional help," but did not state what medications or professional help she has sought. *Id.*

Defendant contends the new and additional facts presented in Plaintiff's response should not be reviewed because they were not alleged in Plaintiff's original pleadings. Doc. 29, pp. 5-6. Courts in this Circuit have consistently held that additional facts presented in *pro se* responses to motions to dismiss are construed as motions to amend, and may be reviewed by the court. *See Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007); *King v. Henry*, WL 5024228, at *3 (S.D. Ga. Sept. 16, 2016), *report and recommendation adopted*, WL 6272386 (S.D. Ga. Oct. 25, 2016); *Robbins v. Oubre*, WL 4070851, at *4 (M.D. Ga. Aug. 15, 2014); *McCroan v. Morgan,* WL 1572690, at *5 (N.D. Fla. Apr. 16, 2014); *Thomas v. Humphrey,* WL 1056699, at *1 n. 3 (M.D. Ga. Mar. 19, 2014); *Butts v. Ga. State Patrol Div.,* WL 5597258, at *1 (M.D. Ga. Nov. 17, 2011); *Kalpak v. EMC Mortgage Corp.,* WL 2711182, at *4 (M.D. Ga. July 13, 2011). It is established that a pro se Plaintiff must be given an opportunity for at least one opportunity to amend the complaint before it is dismissed. *Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014); *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc ). A court need not grant a motion to amend where a more carefully drafted complaint could not state a claim.  *O'Halloran v. First Union Nat. Bank of Florida*, 350 F.3d 1197, 1206 (11th Cir. 2003); *Bank*, 928 F.2d at 1112. "Where the issue of futility is close, we err on the side of generosity to the plaintiff." *Johnson*, 568 F. App'x at 723.

Even without the "amendments" in Plaintiff's response, the allegations in the Complaint are sufficient to state a claim for excessive force. The Supreme Court has expressly "rejected the notion that 'significant injury' is a threshold for stating an excessive force claim." *Wilkins*, 559

7

U.S. at 37. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id*. The "core judicial injury" in Eighth Amendment cases is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*., quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The extent of injury is a factor to be considered in determining whether the use of force was warranted in the circumstances and as "some indication of the amount of force applied." *Id*.

Plaintiff in this case alleges that Defendant, without reason or provocation, first choked her "very tightly," then beat her with a broomstick "very intensely." Doc. 1, p. 4. Although the injuries she alleges, including the injuries described in her response, do not indicate any permanent or lasting physical damage, "[a]n inmate who is gratuitously beaten does not lose [her] ability to pursue an excessive force claim merely because [she] has the good fortune to escape without serious injury." *Wilkins*, 559 U.S. at 38. Plaintiff's excessive force allegations are sufficient to state a claim for relief that is plausible on its face.

   3. Plaintiff's Claims under the Eleventh Amendment

Plaintiff's claims against Defendant in her official capacity are barred by the Eleventh Amendment. The Eleventh Amendment bars actions against state officials sued in their official capacity in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White,* 457 U.S. 85, 90 (1982). When it is unclear which capacity the defendants are sued under, "the course of proceedings typically indicates the nature of the liability sought to be imposed." *Jackson v. Georgia Dep't of Transp.,* 16 F.3d 1573, 1575 (11th Cir. 1994); *Hobbs v. Roberts,* 999 F.2d 1526, 1527 (11th Cir. 1993). The Eleventh Amendment, however, does not provide protection

8

for state employees who are sued in their individual capacity for their own "employment-related acts." *Scheuer v. Rhodes,* 416 U.S. 232, 238 (1974); *Jackson,* 16 F.3d at 1575.

To the extent that Plaintiff has asserted claims against Defendant in her official capacity, those claims are barred by the Eleventh Amendment. Plaintiff's individual capacity claims, however, are not barred by the Eleventh Amendment and are allowed to proceed. *See Hobbs v. Roberts*, 999 F.2d 1526, 1530 (11th Cir. 1993) (holding "[t]o repeat the obvious, people can be liable in their individual capacities for acts performed in state employment, that is, as state agents.")

4. Plaintiff's Claims Under the PLRA

Defendant argues Plaintiff is only able, if at all, to recover nominal damages for her claims under the Prisoner Litigation Reform Act ("PLRA") because she has not alleged a physical injury that is more that *de minimis*. Doc. 21-1, p. 7-8. Plaintiff's claims are governed by the PLRA, specifically section 42 U.S.C. § 1997e(e). This section provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act....

42 U.S.C. § 1997e(e). It is well established that this section of the PLRA applies to all federal civil actions, including claims brought under § 1983. *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015); s*ee Harris v. Garner (Harris II),* 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc).

A prisoner can recover punitive and compensatory damages for constitutional violations if the prisoner can demonstrate a more than *de minimis* physical injury. *Brooks*, 800 F.3d at 1307; s*ee Al–Amin v. Smith,* 637 F.3d 1192, 1198 (11th Cir. 2011). Where a prisoner cannot establish a physical injury, a prisoner may only recover nominal damages for constitutional

violations. *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015); *Magwood v. Sec'y, Florida Dep't of Corr.*, WL 3268699, at *3 (11th Cir. June 15, 2016). If a prisoner has not sought nominal damages, because of the liberal construction awarded to *pro se* pleadings, claims for nominal damages will be considered. *See Hughes v. Lott*, 350 F.3d 1157, 1162–63 (11th Cir. 2003).

The PLRA, at this time, will not bar Plaintiff's claims for compensatory damages. Plaintiff has sufficiently alleged an excessive force claim against Defendant, and if Plaintiff can successfully demonstrate physical injuries from the excessive force, compensatory damages may be available to her. If Plaintiff cannot establish a physical injury, but nevertheless can show a violation of her Eighth Amendment rights, nominal damages will be available.

## CONCLUSION

Plaintiff's Complaint, on its face, appears to be timely filed within the two-year statute of limitations. Plaintiff has stated a claim for relief regarding her excessive force claim. Accordingly, it is **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 21-1) be **DENIED.** Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on

appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 2nd day of December, 2016.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge